<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

| | |
|---|---|
| JACK ESCHENBACH, *Plaintiff,* v. BOARDWALK REGENCY CORPORATION d/b/a CAESARS ATLANTIC CITY, JOHN DOE NOS. 1-10 (fictitious names used to describe unknown Defendant), and XYZ CORP. NOS. 1-10 (fictitious entity names used to describe unknown Defendant) *Defendant.* | HONORABLE KAREN M. WILLIAMS  Civil Action No. 24-10862  **MEMORANDUM OPINION** |

**Shawn A. Ricci, Esq.**
Morgan & Morgan PLLC
One Commerce Square
2005 Market Street, Suite 350
Philadelphia, PA 19103
*Counsel for Plaintiff*

**Brian Michael Dib, Esq.**
**Karen A. Mascioli, Esq.**
**Giacomo Francesco Gattuso, Esq.**
Sweeney & Sheehan, P.C.
Sentry Office Plaza, Suite 300
216 Haddon Avenue
Westmont, NJ 08108
*Counsel for Defendant*

**WILLIAMS, District Judge:**

## I.    INTRODUCTION

This matter comes before this Court on Plaintiff Jack Eschenbach's ("Plaintiff") Motion to Remand.  (*See* Mot. to Remand, ECF No. 5.)  Plaintiff contends that Defendant Boardwalk Regency Corporation d/b/a Caesars Atlantic City ("Defendant") filed an untimely removal to this Court.  (*See* Not. of Removal, ECF No. 1.)  Plaintiff asserts that Defendant's thirty-day removal period, provided by 28 U.S.C. § 1446, had expired because Defendant could ascertain the case's removability more than thirty days before Defendant removed it to this Court.  *See* 28 U.S.C. §

1446(b)(1), (b)(3). Defendant opposed Plaintiff's motion, alleging that the November 22, 2024 email correspondence from Plaintiff's counsel was the first documentation to demonstrate that Plaintiff's damages surpassed $75,000, the amount in controversy threshold for this Court to exercise diversity jurisdiction over this case. (*See* Opp. Br. at 8-10; ECF No. 6.) In turn, Defendant alleges that its removal within thirty days after receipt of that email correspondence was timely and comported with the statutory removal standard. *See* 28 U.S.C § 1446(b)(3). Plaintiff did not reply. For the reasons that follow, the Court will **DENY** Plaintiff's Motion to Remand.

## II.    BACKGROUND

On May 15, 2023, Plaintiff sustained injuries after tripping over an unmarked curb on Defendant's property. (*See* Mot. to Remand, Ex. A ¶ 22.) Plaintiff's asserted injuries include a stable burst fracture of the first cervical vertebra, six forehead stitches, muscular incoordination, walking difficulty, and neck pain. (*Id.*) Plaintiff received treatment for a year before filing his Complaint. (*See id.*, Ex. F.)

On June 7, 2024, Plaintiff filed his Complaint ("Complaint") in the Superior Court of New Jersey, and on June 17, 2024, Plaintiff served the Complaint on Defendant. (*Id.* ¶¶ 3, 6.) On June 20, 2024, Plaintiff underwent anterior cervical discectomy and fusion surgery ("Surgery") as a result of his injuries allegedly sustained on Defendant's premises. (*Id.*, Ex. F at 17.) On July 19, 2024, Defendant answered the Complaint, requesting a Statement of Damages pursuant to N.J. Ct. R. 4:5-2. (*Id.* ¶ 8.) Discovery commenced contemporaneously, as Defendant served Plaintiff interrogatories and a Notice to Produce that same day. (*Id.*) On September 27, 2024, Plaintiff submitted the Statement of Damages and responded to the Notice to Produce. (*Id.* ¶ 9.) The Statement of Damages seeks "past and future medical costs," all "Economic" and "Non-economic" damages, "Pre and Post Judgement Interest," and "Attorney fees." (*Id.*, Ex. E at 30-31.) Defendant

2

asserts that those damages, as well as Plaintiff's Responses to Interrogatories and Notice to Produce, omitted Plaintiff's June 20, 2024 Surgery. (Opp. Br. at 7-8.)

On October 16, 2024, Defendant followed up with Plaintiff after a phone call to inquire if Plaintiff has had any type of surgical procedure, or if he will require one in the future, given Plaintiff's assertion that damages were still being evaluated. (Opp., Ex. E.) On November 22, 2024, five weeks later, Plaintiff responded to Defendant's email, contending that this is a "seven-figure case" based on Plaintiff's Surgery and ongoing health issues. (*Id.*, Ex. F.) On December 3, 2024, Defendant filed a Notice of Removal pursuant to 28 U.S.C. § 1332. (*See* Not. of Removal, ECF No. 1.) On December 12, 2024, Plaintiff filed a Motion to Remand the case back to state court. (*See* Mot. to Remand.) On December 27, 2024, Defendant opposed Plaintiff's Motion. (*See* Opp. Br.) Plaintiff did not reply. Thus, this matter is ripe for adjudication.

## III.    LEGAL STANDARD

Pursuant to 28 U.S.C. § 1441(a), "a defendant may remove an action filed in state court to a federal court with original jurisdiction over the action." *Rose v. USAA Cas. Ins. Co.*, No. 09-6005, 2010 WL 2557484, at *2 (D.N.J. June 23, 2010). After a defendant files a notice of removal, a plaintiff may move to remand the matter to state court. *See* 28 U.S.C. § 1447. A motion to remand on the basis of a procedural defect must be filed within thirty days of the filing of the notice of removal, 28 U.S.C. § 1447(c), whereas "a motion to remand based on lack of subject matter jurisdiction may be made at any time before final judgment." *Foster v. Chesapeake Ins. Co.*, 933 F.2d 1207, 1212 (3d Cir. 1991) (citing 28 U.S.C. 1447(c)). "The party asserting jurisdiction bears the burden of showing that at all stages of the litigation the case is properly before the federal court." *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004). When jurisdictional allegations are challenged in a notice of removal, "the parties must

submit proofs for the court to decide, by a preponderance of the evidence, whether the jurisdictional requirements are satisfied." *Vaccaro v. Amazon.com.dedc, LLC*, No. 18-11852, 2019 WL 1149783, at *3 (D.N.J. Mar. 13, 2019). Removal statutes "are to be strictly construed against removal and all doubts should be resolved in favor of remand." *A.S. ex rel. Miller v. SmithKline Beecham Corp.*, 769 F.3d 204, 208 (3d Cir. 2014) (quoting *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992)). However, the Court retains jurisdiction over cases that comply with the statutory basis for federal subject matter jurisdiction. *See* 28 U.S.C. § 1332.

## IV.    DISCUSSION

Plaintiff does not dispute Defendant's ability to ascertain removability through "other paper," aside from the initial pleading. *See* 28 U.S.C. § 1446(b)(3). Furthermore, Plaintiff does not dispute that the amount in controversy meets the jurisdictional threshold required in this Court. (*See* Mot. to Remand, Ex. F ¶ 11, ECF No. 5-10.) Rather, Plaintiff argues that Defendant already had the requisite information to remove the case on July 17, 2024—one month after Plaintiff filed the Complaint—or at the very latest, on October 27, 2024—one month after Plaintiff provided the Statement of Damages, and answered Defendant's Notice to Produce and Interrogatories. (*See* Pl.'s Mot. Br. at 10-11.) Plaintiff alleges that the November 22, 2024 email correspondence provided "no new information" to Defendant and that Plaintiff provided Defendant "all medical records in its possession" as of September 27, 2024. (*Id.* at 11.) Given that Defendant removed the case on December 3, 2024, Plaintiff argues that Defendant's removal was untimely.

Defendant asserts that its removal of the case to this Court was timely. (*See* Opp. Br. at 9.) Pursuant to 28 U.S.C. § 1446(b)(3), Defendant removed the case within thirty days of receiving Plaintiff's email correspondence on November 22, 2024, describing Plaintiff's surgery and

4

damages valuation.[1]  Defendant justifies its removal through the statute's "other paper" language, arguing that the email correspondence was the first document to demonstrate that the amount in controversy met the jurisdictional threshold.  (*See* Opp. Br. at 8.)  Thus, Defendant argues that the Complaint, Statement of Damages, Interrogatories, and records produced omitted details regarding the Surgery and lacked the requisite specificity of damages for Defendant to ascertain removability based on the amount in controversy.  (*See id.* at 5-8.)

Resolution of the dispute before the Court hinges on when Defendant could ascertain that this case was removable.  If Defendant could first ascertain removability earlier than November 3, 2024, Defendant's December 3, 2024 removal was untimely.  If Defendant could first ascertain removability later than November 3, 2024, then removal was timely.  Given that Plaintiff's November 22, 2024 email was the first document to reveal the expected valuation of the case— "seven digits"—and describe Plaintiff's ongoing health issues, the Court finds Defendant's removal timely.

Federal courts are courts of limited jurisdiction, and they must have the authority to hear a suit before proceeding to the merits.  *Peace Church Risk Retention Grp. v. Johnson Controls Fire Prot. LP*, 49 F.4th 866, 869-70 (3d Cir. 2022).  Federal courts have the power to hear two types of cases: cases over issues "arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, and disputes between citizens of different states so long as "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332.  Where a case was originally filed in state court but meets the jurisdictional requirements to

---

[1] *See* 28 U.S.C. § 1446(b)(3) ("Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or *other paper* from which it may first be ascertained that the case is one which is or has become removable.").

be heard in federal court, the defendant may remove the case to federal court. *See* 28 U.S.C. §

1441(a). Defendant must remove the case "within 30 days after receipt" of the initial pleading. 28

U.S.C. 1446(b)(1). However, if "the initial pleading is not removable," then "a notice of removal

may be filed within thirty days after receipt by the defendant . . . of a copy of an amended pleading,

motion, order or other paper from which it may first be ascertained that the case is one which is or

has become removable." 28 U.S.C. § 1446(b)(3). The Third Circuit's interpretation of "other

paper" "include[s] a wide array of documents, including letter communications between counsel,

deposition testimony, stipulations between parties, answers to interrogatories, and transcripts."

*Costa v. Verizon N.J., Inc.*, 936 F. Supp. 2d 455, 466 (D.N.J. 2013) (citations omitted). Notably,

this Court has found that email correspondence between counsel suffices as "other paper" pursuant

to 28 U.S.C. § 1446(b)(3). *See Betancourth v. Mauldin*, No. 221CV14168, 2021 WL 6049971, at

\*5 (D.N.J. Dec. 21, 2021) (holding that email correspondence evincing that plaintiffs sought more

than $75,000 sufficed as "other paper" for Defendant to ascertain removability).

Historically, this Court evaluated whether an initial pleading or "other paper" sufficed to

make a case removable to federal court pursuant to either of two approaches: the "bright-line" rule

approach or the "subjective inquiry" approach. *Id.* at \*3. The bright-line rule approach requires

the Court to consider whether the documentation relied on for removal "provides a clear statement

of damages sought or . . . sufficient facts from which damages can be readily calculated," or

"affirmatively reveal[s] on its face that [Plaintiff] is seeking damages in excess of the minimum

jurisdictional amount." *McLaren v. UPS Store Inc*, 32 F.4th 232, 237 (3d Cir. 2022) (citations

omitted). The less stringent subjective inquiry approach required the Court to consider whether a

defendant could "reasonably and intelligently conclude from the pleadings, [or other paper], that

the amount in controversy" met the minimum jurisdictional amount. *Betancourth*, 2021 WL

6049971, at *4 (citations omitted). However, in 2022, the Third Circuit held that the bright-line rule approach should govern because it "advances judicial economy, prevents premature . . . removals, and discourages evasive or ambiguous pleading." *McLaren*, 32 F.4th at 239. Thus, the Defendant' thirty-day removal clock had not begun to run until they could clearly ascertain that the amount in controversy requirement was met. *See id.* at 236.

### a. Defendant's Removal Was Timely.

After a phone call between opposing counsel on October 16, 2024, Defendant emailed Plaintiff inquiring further into Plaintiff's damages and explicitly asking whether Plaintiff has had or will require any surgery.[2] Plaintiff responded nearly five weeks later on November 22, 2024, expressing in an email that: "Mr. Eschenbach suffered a neck injury and had surgery for a C1 fracture in June of 2024. He is still experiencing significant issues and requires further care. At this point, they are viewing this as a 7-figure case." (Opp., Ex. F.) This email was the first document to provide an explicit valuation of Plaintiff's damages (seven figures).[3] Notably, the discovery records provide very little detail alluding to Plaintiff's "significant issues" and "further care" required after the Surgery, as expressed in that email.[4] (*See* Opp., Ex. F.) Pursuant to the Third Circuit's adoption of the bright-line rule approach, the November 22, 2024 email was the first document to provide "a clear statement of damages sought or . . . sufficient facts from which

---

[2] The Court notes that Defendant's inquiry is nineteen days after Plaintiff responded to Defendant's discovery and Statement of Damages requests.

[3] Plaintiff conveniently redacted the "seven-figure" wording from the November 22, 2024 email correspondence attached as an exhibit to the Motion to Remand. *Compare* Mot. to Remand, Ex. H (valuation redacted) *with* Opp., Ex. F (valuation not redacted).

[4] The Court notes that the July 3, 2024 "post op" paperwork included a physical therapy order to address Plaintiff's "acute pain, inflammation and swelling and to increase strength and range of motion and muscle re-education." (*See* Mot. to Remand, Ex. F at 26). However, again inferring that Defendant did receive this document during discovery, that statement is too vague to allow Defendant to "readily calculate[]" the amount in controversy, pursuant to the bright-line rule approach. *See McLaren*, 32 F.4th at 237.

7

damages can be readily calculated." *McLaren*, 32 F.4th at 237 (citations omitted); *see Betancourth*, 2021 WL 6049971, at \*5. To support that conclusion, the Court will review the information, or lack thereof, provided to Defendant prior to that email.

Plaintiff filed the Complaint in the Superior Court of New Jersey on June 7, 2024, alleging "great financial detriment and loss;" "great pain, anguish, sickness and agony;" permanent injuries to "his face, head, neck, and body" that "requir[ed] the care and treatment of physicians, hospitalization and medication;" emotional injuries; and injuries to Plaintiff's daily living. (*See* Mot. to Remand, Ex. A.) While the Court appreciates the alleged severity of the injuries, the Complaint provides limited specificity as to what costs Plaintiff will have to incur as a result of his injuries. Pursuant to 28 U.S.C. § 1446(b)(1) and the Third Circuit's bright-line rule approach to removability, the initial pleading did not provide sufficient detail of damages for Defendant to ascertain that the jurisdictional amount was met. *See McLaren*, 32 F.4th at 237.

Moreover, Plaintiff provided Defendant with a Statement of Damages on September 27, 2024.[5] (*See* Mot. to Remand, Ex. E at 30-31.) Aside from incorporating the Complaint by reference, Plaintiff's Statement of Damages lacked details pertaining to Plaintiff or any of his injuries. *See id.* The document's boilerplate language merely sought "Past and Future Medical Costs;" "Economic Damages;" "Non-economic Damages;" "Pre and Post Judgement Interest;" and "Attorney fees."[6] *See id.* Pursuant to N.J. Ct. R. 4:5-2, the Statement of Damages not only

---

[5] Defendant requested the Statement of Damages when they filed their Answer on July 19, 2024. (*See* Mot. to Remand, Ex. C).

[6] "Attorney's fees do not generally constitute part of the amount in controversy," but they may be included in the calculation when "their payment is provided for by the terms of an underlying contract." *Auto-Owners Ins. Co. v. Stevens & Ricci Inc.*, 835 F.3d 388, 396-97 n.11 (3d Cir. 2016). Because the Complaint does not allege that Plaintiff is entitled to attorney's fees pursuant to a contract, it does not constitute part of the amount in controversy.

should have been provided "within 5 days" after Defendant requested it, but it must have included "a written statement of the amount of damages claimed." N.J. Ct. R. 4:5-2. Plaintiff's Statement of Damages failed to include any such statement. (*See* Mot. to Remand, Ex. E at 30-31.) Plaintiff's Statement of Damages did not comport with N.J. Ct. R. 4:5-2, but more importantly, did not provide grounds for removal, as the jurisdictional amount could not be ascertained.

Plaintiff also provided answers to Defendant's Interrogatories on September 27, 2024. Pursuant to N.J. Ct. R. 4:17-4, Plaintiff's Responses to Interrogatories must have "furnished all information available," and Plaintiff must have responded to each interrogatory "fully." N.J. Ct. R. 4:17-4. Plaintiff had multiple opportunities to provide specific information on the amount in controversy and the Surgery's implications in his interrogatory answers, yet he failed to do so. Interrogatory #7 asked Plaintiff to provide information on each health provider that treated Plaintiff and the date he was seen. (*See* Mot. to Remand, Ex. E at 7.) However, Plaintiff omitted his Surgery date, June 20, 2024, from the treatment dates provided. (*Id.*) Interrogatory #8 asked if Plaintiff was still being treated and for various details regarding the treatment, including its nature and frequency. (*Id.* at 8.) Plaintiff responded in the affirmative, providing the address of his physical therapy provider, but failed to supply any further details. (*See id.*; Opp., Ex. F.) Plaintiff had the opportunity to describe his current health status and how his Surgery has affected it, but did not. Interrogatory #13 asked Plaintiff to provide a detailed, itemized list of all medical expenses. (*See* Mot. to Remand, Ex. E, Plaintiff's Answers to Form A Interrogatories at ¶¶ 13-14.) Instead of providing a list of those expenses, Plaintiff generally directed Defendant to the attached medical bills and declared that "Plaintiff is entitled to recover any medical expenses which were not paid or payable under any policy of insurance." (*Id.*) Not only does that answer not comport with the requirements of N.J. Ct. R. 4:17-4, but Plaintiff also concedes that the attached medical bills—all

9

of which list Excellus BlueCross BlueShield as the primary payor—cannot be incorporated into the damages calculation. *See* N.J. Ct. R. 4:17-4. Plaintiff's answers continually evaded any mention of Plaintiff's Surgery and the extent of its future implications, and Plaintiff failed to provide a comprehensive list of his medical expenses. Therefore, this Court finds that Plaintiff's Responses to Interrogatories do not comport with the Third Circuit's bright-line rule approach for ascertaining removability. *See McLaren*, 32 F.4th at 237.

Plaintiff avers that the Defendant learned "no new information" from the November 22, 2024 email that Defendant "did not have available to it when it was served with the Complaint on June 17, 2024 or September 27, 2024 when Plaintiff responded to written discovery requests and provided Defendant[s] all medical records in its possession." (Pl.'s Mot. Br. at 11.) However, Defendant must have learned some new information regarding the Surgery and its outcome from the November 22, 2024 email, as compared to when it was served the Complaint, because Plaintiff had Surgery three days after Defendant was served. (*See id.* at 13.) It is impossible for the Complaint to have included the same information detailed in the email correspondence regarding the Surgery.

Furthermore, Defendant asserts that the answers and medical records they received "only detailed treatment dates that stopped in May 2024." (Opp. Br. at 7.) Plaintiff's counsel disputes that assertion, attesting that his document production included a June 20, 2024 medical note that referenced an anterior cervical discectomy and fusion procedure. (Declaration of Shawn A. Ricci, Esq., ¶ 11.) Notably, Plaintiff's Responses to Defendant's Notice to Produce do not specifically cite to any portion of his document production, instead answering Defendant's request for "All medical bills and reports relating to treatment," by merely stating "See attached." (*See id.*, Ex. E, Plaintiff's Response to Defendant's Notice to Produce at ¶ 8, ECF No. 5-8.) It is thus unclear from

the record evidence before this Court whether Plaintiff's document production included the June 2024 medical note referencing Plaintiff's "discectomy and fusion procedure."

Even if Plaintiff had provided such documentation to Defendant in his September discovery responses, those records do not indicate the costs associated with that procedure. (*See* Mot. to Remand, Ex. F at 17-20.) Nor do those records indicate whether any costs associated with that procedure were among those unpaid or unpayable by Plaintiff's insurance for which Plaintiff sought damages. (*See* Mot. to Remand, Ex. E Plaintiff's Answers to Form A Interrogatories at ¶¶ 13-14.) The June 2024 medical note therefore fails to "provide[] a clear statement of damages sought or . . . sufficient facts from which damages can be readily calculated," or "affirmatively reveal[] on [their] face that [Plaintiff] is seeking damages in excess of the minimum jurisdictional amount." *McLaren*, 32 F.4th at 237. Accordingly, Defendant's receipt of the November 22, 2024 email, providing the case's first damages valuation and expressing Plaintiff's ongoing health issues, triggered the case's removability to this Court, and thus, Defendant's December 3, 2024 removal was timely. (*See* Opp., Ex. F.)

## V.   CONCLUSION

For the reasons set forth above, Plaintiff's Motion to Remand will be **DENIED**. An order consistent with this Opinion will be entered.

July 23, 2025

KAREN M. WILLIAMS
U.S. DISTRICT COURT JUDGE